## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Prima Exploration, Inc, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Darryl LaCounte, in his official capacity | ) | **ORDER FOR DISMISSAL** |
| as Director of the United States Bureau of | ) | **WITHOUT PREJUDICE** |
| Indian Affairs; Bureau of Indian Affairs; | ) | |
| Debra Halaand in her official capacity as | ) | |
| Secretary of the United States Department | ) | |
| of the Interior, Department of the Interior, | ) | |
| Interior Board of Indian Appeals, Enerplus | ) | |
| Resources (USA) Corporation; PetroShale | ) | |
| (USA) Inc.; Madelene Bruce; Kevin Bruce; | ) | |
| Lynn T. Bruce; Ronelle M. Bruce; Todd | ) | Case No. 1:22-cv-143 |
| Bruce; Justin L. Bruce; Lisa G. Bruce; | ) | |
| Cheryle Danks; Sheldon J. Hand; Deborah | ) | |
| A. Painte; Zachiery J. Sitting Crow; and | ) | |
| Carol J. Walker, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are three motions to dismiss. PetroShale (USA) Inc. ("PetroShale") filed a motion to dismiss on April 19, 2023. See Doc. No. 54. On April 19, 2023, Darryl LaCounte, in his official capacity as Acting Director of the United States Bureau of Indian Affairs ("BIA"), the BIA, Debra Haaland in her official capacity as Secretary of the Department of the Interior, the Interior Board of Indian Appeals ("IBIA"), and the BIA, as Trustee for the Heirs of Madelene Bruce, Deceased, Kevin Bruce, Lynn T. Bruce, Ronelle M. Bruce, Todd Bruce, Justin L. Bruce, Lisa G. Bruce, Cheryle Danks, Sheldon J. Hand, Deborah A. Painte, Zachiery J. Sitting Crow, and Carol J. Walker (together the "Federal Defendants") also filed a motion to dismiss. See Doc. No. 56. On April 19, 2023, Enerplus Resources (USA) Corporation ("Enerplus") also filed a motion to dismiss. See Doc. No. 58. The Plaintiff, Prima Exploration, Inc. ("Prima"), filed a response in

opposition to the motions on May 24, 2023. See Doc. No. 65. On June 21, 2023, PetroShale, the Federal Defendants, and Enerplus filed reply briefs. See Doc. Nos. 72-74. The motions have been fully briefed and are ripe for consideration. For the following reasons, the Court orders dismissal without prejudice.

## I.    **BACKGROUND**

This controversy arises from a dispute regarding a mineral leasehold interest located on the Fort Berthold Indian Reservation. Prima held an interest in a lease approved by the BIA in 1952. The lease covered 320 acres located in the south half of Section 16, Township 152 North, Range 94 West in McKenzie County, North Dakota (the "Disputed Leasehold"). On December 17, 2013, the Superintendent of the BIA's Fort Berthold Agency declared 240 acres of the Disputed Leasehold terminated and approved a new lease of that same acreage to Enerplus. The BIA declared the remaining 80 acres of the Disputed Lease segregated. On December 18, 2015, the BIA declared the remaining 80 acres terminated and approved a lease of that same acreage to PetroShale. Prima appealed the decisions to segregate and terminate the Disputed Lease. Prima also appealed the decisions to approve the Enerplus and PetroShale leases.

On May 31, 2018, Prima filed suit ("Dismissed Case") in this Court challenging the BIA's decisions regarding the Disputed Leasehold. See Doc. No. 1 in Case No. 1:18-cv-116. Prima asserted Enerplus and PetroShale conspired with the BIA to divest Prima of its leasehold interest. Prima requested a declaration that it has a valid interest in the Disputed Leasehold. Prima asserted various causes of action against the BIA, including deprivation of due process and unlawful regulatory taking. Prima also asserted various causes of action against Enerplus and PetroShale, including trespass, conversion, tortious interference, slander of title, unjust enrichment, and

accounting.  In its complaint, Prima also sought a preliminary injunction against all defendants. On October 1, 2018, the Court dismissed the case for lack of subject matter jurisdiction due to Prima's failure to exhaust administrative remedies. Prima Expl., Inc v. LaCounte, 2018 WL 4702153 (D.N.D. Oct. 1, 2018).

On September 13, 2018, the Regional Director of the BIA supplemented the file in the first of Prima's four appeals ("Appeal No. 1") with lease assignments that had been retroactively approved and affected Prima's interest in the Disputed Lease. On October 15, 2018, Prima filed an inaction appeal with the BIA in accordance with 25 C.F.R. § 2.8, challenging inaction regarding Appeal No. 1. On November 18, 2018, the Regional Director issued an opinion on Appeal No. 1 affirming the Superintendent's decision to segregate and partially terminate Prima's lease. The issuance of the decision resulted in dismissal of Prima's inaction appeal. Prima appealed the Regional Director's decision to the IBIA. The IBIA has not yet issued a decision on Appeal No. 1. Appeal Nos. 2, 3, and 4 remain before the Regional Director. According to the Federal Defendants, the Regional Director will issue a decision in the remaining appeals after the IBIA issues its decision on Appeal No. 1 because the subject matter is so closely related. See Doc. No. 57, p. 7.

Prima filed the present action on August 8, 2022, based on the same legal theories as the Dismissed Case. See Doc. No. 1. On March 20, 2023, Prima filed an amended complaint. See Doc. No. 50. Prima's amended complaint primarily differs from the original complaint in this case and the complaint in the Dismissed Case in that it adds three parties and two claims. Prima added the Department of the Interior ("DOI"), Debra Haaland in her official capacity as Secretary of the Department of the Interior, and the Interior Board of Indian Appeals as parties. In count six of the amended complaint Prima seeks a writ of mandamus compelling the DOI, Secretary Haaland, the

BIA, and the IBIA to act on Prima's administrative appeal. In count seven Prima seeks an order compelling the DOI and its agencies to enforce an automatic stay in favor of Prima because of their violation of 5 U.S.C. § 706(1) and an order compelling the DOI and its agencies to conclude its proceedings in a legal and timely fashion. The amended complaint also differs from the complaint in the Dismissed Case in that it includes facts regarding Prima's inaction appeal, BIA's supplementation of the record, the Regional Director's decision in Appeal No. 1, and Prima's appeal of the decision in Appeal No. 1.

## II.   <u>LEGAL DISCUSSION</u>

PetroShale, the Federal Defendants and Enerplus filed motions to dismiss. The Federal Defendants and Enerplus argue this Court lacks subject matter jurisdiction because there are appeals pending before the BIA and IBIA, and thus Prima has failed to exhaust its administrative remedies. <u>See</u> Doc. Nos. 57 and 59.  PetroShale's motion to dismiss argues this Court lacks subject matter jurisdiction because issue preclusion prevents Prima from relitigating the claims raised in the Dismissed Case. <u>See</u> Doc. No. 55. Prima acknowledges the doctrine of exhaustion ordinarily would apply to its case, but contends various exceptions excuse it from pursuing administrative remedies. <u>See</u> Doc. No. 50. Prima also disputes PetroShale's assertion that it cannot relitigate its claims and argues that the controlling facts are substantially different from the underlying facts in the Dismissed Case. As discussed below, the Court concludes Prima must exhaust administrative remedies before bringing suit in this Court.

A.       **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Jurisdictional issues are a matter for the court to resolve prior to trial. Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). The Plaintiff bears the burden to prove subject matter jurisdiction exists. Herden v. United States, 726 F.3d 1042, 1046 (8th Cir. 2013).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." Osborn, 918 F.2d at 729 n.6. In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (internal citation omitted). If a defendant wishes to make a factual attack on "the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In this case, the Court will treat these motions as facial attacks and afford the Plaintiff all the protections afforded by Rule 12(b)(6). The Court will consider only the complaint and the exhibits attached to the complaint.  See Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (discussing a facial attack).

B.    <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

Prima asserts the BIA, PetroShale, and Enerplus conspired to divest it of its interest in the Disputed Leasehold. Prima's allegations are premised upon its assertion that the BIA's decision regarding the Disputed Leasehold is incorrect. In its amended complaint Prima stated, "Prima brings this lawsuit seeking a declaration that Prima's interests in the lease have not been segregated or terminated and for judgment in the amount of all damages caused by this wrongful conduct." <u>See</u> Doc. No. 50, p. 3.  Consequently, the issue of whether Prima's lease was improperly segregated and terminated must be addressed before Prima's conspiracy claims can be decided. When dismissing nearly identical claims in the Dismissed Case, this Court held that Prima is required to exhaust administrative remedies before seeking judicial review of the BIA's decisions. Prima's addition of two new claims and its addition of the DOI, Secretary Haaland, and the IBIA as defendants in this case does not change this Court's analysis. This Court lacks subject matter jurisdiction of Prima's claims because Prima has not exhausted administrative remedies.

Federal district courts have subject matter jurisdiction under 28 U.S.C. § 1331 to review, pursuant to the Administrative Procedures Act ("APA"), decisions by the BIA. <u>Runs After v. United States</u>, 766 F.2d 347, 351 (8th Cir. 1985). "Although the APA may not be used as an independent grant of subject matter jurisdiction to review agency actions, the Supreme Court stated in <u>Califano v. Sanders</u>, 430 U.S. 99, 105 . . . (1997), that 28 U.S.C. § 1331 confers general jurisdiction on federal courts to review agency actions 'subject only to preclusion-of-review statutes.'" <u>Fort Berthold Land and Livestock Assoc. v. Anderson</u>, 361 F. Supp. 2d 1045, 1049 (D.N.D. 2005). The appropriate inquiry is whether any preclusion-of-review statutes warrant dismissal. <u>Id.</u>

The BIA has promulgated specific provisions governing appeals. Under 25 C.F.R. § 2.6, a BIA decision does not constitute a final agency action subject to judicial review if it may be appealed to a superior authority within the Department of the Interior. See also Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir. 1994) ("Under Department of Interior regulations, if an agency decision is subject to appeal within the agency, a party must appeal the decision to the highest authority within the agency before judicial review is available.").

In Fort Berthold Land and Live Stock this Court explained the legal framework governing BIA appeals:

> Since 1975, regulations governing challenges to decisions of the Bureau of Indian Affairs have required an administrative appeal from most BIA decisions before judicial review of such decisions can be obtained. See, e.g., 25 C.F.R. § 2.3(b) (1988); 40 Fed.Reg. 20, 625–626 (1975). In 1989, the regulations requiring an administrative appeal were revised without changing the appeal requirement. See 54 Fed.Reg. 6478, 7666 (1989). The provision requiring an appeal now appears at 25 C.F.R. § 2.6(a) (1992). These regulatory revisions also eliminated an intermediate appeal to the Commissioner of Indian Affairs and provided for direct review of BIA Area Director decisions by the Interior Board of Indian Appeals. See 54 Fed.Reg. 6478 (1989); compare 25 C.F.R. § 2.3(a) (1988) with id. § 2.4(e) (1992). At the same time, the rules governing appeals to the IBIA were amended to "ensure compatibility between those regulations and regulations of the Bureau of Indian Affairs." 54 Fed.Reg. 6483 (1989). In particular, one amendment reiterated the need for an appeal to the IBIA before the decision could be reviewed judicially. See id. at 6486; compare 43 C.F.R. § 4.314(a) (1991) with id. (1988).

Fort Berthold Land and Live Stock, 361 F. Supp. 2d at 1050 (citing Stock West Corp. v. Lujan, 982 F.2d 1389, 1393 (9th Cir. 1993)).   The Court also explained the need for exhaustion of administrative remedies in the context of BIA appeals:

> 'The doctrine of exhaustion of administrative remedies is one among related doctrines—including abstention, finality, and ripeness—that govern the timing of federal-court decisionmaking.' McCarthy v. Madigan, 503 U.S. 140, 144 (1992). It is well-established that '[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed.' Reiter v. Cooper, 507 U.S. 258 (1993); see Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 638 (8th Cir. 2003) (requiring the same).

> The exhaustion requirement serves four primary purposes. First, it carries out the congressional purpose in granting authority to the agency by discouraging the 'frequent and deliberate flouting of administrative processes [that] could . . . encourag[e] people to ignore its procedures.' Second, it protects agency autonomy by allowing the agency the opportunity in the first instance to apply its expertise, exercise whatever discretion it may have been granted, and correct its own errors. Third, it aids judicial review by allowing the parties and the agency to develop the facts of the case in the administrative proceeding. Fourth, it promotes judicial economy by avoiding needless repetition of administrative and judicial factfinding, and by perhaps avoiding the necessity of any judicial involvement at all, if the parties successfully vindicate their claims before the agency. Bisson, 646 F.Supp. at 706; see also McKart v. United States, 395 U.S. 185 (1969). Without an exhaustion requirement, people would be encouraged to ignore the administrative dispute resolution structure, destroying its utility. Andrade v. Lauer, 729 F.2d 1475, 1484.

> Peters v. Union Pacific R. Co., 80 F.3d 257, 263 (8th Cir.1996). 'As a general rule, judicial interference should be withheld until the administrative process has run its course.' Burlington Northern, Inc. v. Chicago and North Western Transp. Co., 649 F.2d 556, 558–59 (8th Cir.1981) (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 (1938)). Specifically, the Eighth Circuit has cautioned 'that declaratory actions should not be used to circumvent administrative procedures.' Id. at 559 (citing Weinberger v. Bentex Pharmaceuticals, Inc., 412 U.S. 645, 652–53 (1973); FPC v. Louisiana Power & Light Co., 406 U.S. 621, 647 (1972); Whitney National Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, 421 (1965)).

Fort Berthold Land and Live Stock, at 1050-1051 (alteration in original) (portions of citations omitted).

In the present case, Prima argues that it is not required to exhaust administrative remedies because legal issues predominate and further proceedings before the IBIA and BIA would be futile. Prima also argues the BIA's delay and conduct display bias and violate its due process rights. In the Dismissed Case the Court rejected these same arguments as to why Prima's exhaustion is excusable. This Court held,

> The exhaustion requirement should 'be relaxed only under extremely exceptional and unusual circumstances.' <u>Fort Berthold Land and Livestock</u>, 361 F. Supp. 2d at 1051 (quoting <u>Glover v. United States</u>, 286 F.2d 84, 90 (8th Cir. 1961)). This Court has required exhaustion even when delays on the part of the BIA were 'unreasonable' and 'unwarranted.' <u>Id.</u> at 1052 ('Neither the equities nor the law appear to favor the BIA in this prolonged dispute . . . . Nevertheless, the Court must await a final decision by the Regional Director.')…When an administrative remedy is available, that recourse must be pursued, 'and until that recourse is exhausted, suit is premature and must be dismissed.' <u>Reiter</u>, 507 U.S. at 269.

<u>Prima Expl., Inc v. LaCounte</u>, 2018 WL 4702153, *4 (D.N.D. Oct. 1, 2018).

Nothing has changed since the Dismissed Case that excuses Prima's failure to exhaust administrative remedies. Since the Dismissed Case in 2018, the Regional Director supplemented the file in Appeal No. 1. Then Prima filed an inaction appeal that was subsequently rendered moot when the Regional Director affirmed the Superintendent's decision in Appeal No. 1. Prima appealed the Regional Director's decision and the parties completed briefing on Prima's appeal of the Regional Director's decision. These additional facts occurring after the Dismissed Case show some limited progress in Prima's administrative appeals, albeit not at Prima's desired pace.[1] Prima's failure to exhaust administrative remedies is not excused.

### C.   5. U.S.C. § 706(1) CLAIM

In the amended complaint, Prima asserts a claim under 5 U.S.C. § 706(1) against the DOI, Secretary Haaland, the BIA, and the IBIA. <u>See</u> Doc. No. 50, pp. 20-21. Prima also asserts 5 U.S.C. § 706(1) as a basis for jurisdiction. Section 706(1) states that a district court shall "compel agency action unlawfully withheld or unreasonably delayed". Under 25 C.F.R. §2.6(a), a BIA decision does not constitute a final agency action subject to judicial review if it may be appealed to a

---

[1] Prima's first notice of appeal of the BIA's administrative decision to terminate the lease was filed on January 28, 2014. There have been other appeals pending before the IBIA since December 2018. The lengthy delays in the pending appeals before the BIA and the IBIA are senseless, thoughtless, and irrational. This Court would respectfully request that common sense come into play and the pace of decision-making be quickened.

superior authority within the DOI "unless the official to whom the appeal is made determines that public safety, protection of trust resources, or other public exigency requires that the decision be made effective immediately." Prima refers to this provision as the "automatic stay" regulation. Prima argues the automatic stay regulation requires the BIA to continue to recognize Prima's lease and legal interests as valid and in full force and effect, pending a final decision on the Disputed Leasehold. Prima maintains the BIA ignored this regulation by treating the Enerplus and PetroShale leases as valid. Prima contends it is entitled to an order compelling the DOI and its agencies to enforce the automatic stay and an order compelling the DOI and its agencies to conclude proceedings in a legal and timely fashion under 5 U.S.C. § 706(1).

In *Norton v. Southern Utah Wilderness Alliance*, the United States Supreme Court held that the only agency action that can be compelled under the APA is action that is legally required by an agency. 542 U.S.C. 55, 63.  Section 706(1) "empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing how it shall act.' Id. at 64 (citing to Attorney General's Manual on the Administrative Procedure Act 108 (1947)). "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Id. In *Org. for Competitive Markets v. U.S. Dep't of Agric.,* the Eighth Circuit Court of Appeals determined a claim under Section 706(1) should be reviewed as a petition for a writ of mandamus. 912 F.3d 455, 462 (8th Cir. 2018). The Eighth Circuit held, "[t]he issuance of a writ of mandamus is an extraordinary remedy reserved for extraordinary situations." Id.

Prima cannot show the DOI or its agencies failed to take a discrete agency action that it is required to take under 25 C.F.R. § 2.6.  Section 2.6 provides that a decision is final when the official to whom the appeal is made determines that public safety, protection of trust resources, or

other public exigency requires the decision to be made effective immediately. Prima alleges the BIA is ignoring the automatic stay by implementing its decision. However, there has been no decision by any BIA or IBIA official that immediate implementation of any BIA action is required due to public safety, protection of trust resources, or other public exigency. Therefore, there is no discrete agency action that the BIA is required to take. This is not an extraordinary situation that entitles Prima to the extraordinary remedy of a Court order compelling agency action.

Prima does not point to any statute that compels the DOI to conclude its proceedings in a legal and timely fashion. Thus, there is no alleged ministerial or non-discretionary act unlawfully withheld or unreasonably delayed that this Court could compel the DOI or its agencies to take. Accordingly, 5 U.S.C. § 706(1) does not give this Court subject matter jurisdiction over Prima's claims or excuse Prima of its requirement to exhaust administrative remedies. Pursuant to the APA and 25 C.F.R. § 2.6, this Court lacks subject matter jurisdiction over this matter until Prima exhausts administrative remedies.[2] Therefore, dismissal is warranted.

## III.   <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law.  For the reasons set forth above, the Federal Defendants and Enerplus's motions to dismiss are **GRANTED** (Doc. Nos. 56 and 58). PetroShale's motion to dismiss (See Doc. No. 54) is **MOOT**. The case is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**

Dated this 25th day of October, 2023.

---

[2] Because the Eighth Circuit treats Section 706(1) claims as equivalent to a writ of mandamus, the Court need not address whether the Plaintiff's request for a writ of mandamus in Count 6 provides the Court subject matter jurisdiction in this case.

_/s/  Daniel L. Hovland_
Daniel L. Hovland, District Judge
United States District Court