# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Prima Exploration, Inc., )<br> )<br>    Plaintiff, )<br> vs. )<br> )<br>Darryl LaCounte, in his official capacity )<br>as Director of the United States Bureau of )<br>Indian Affairs; Bureau of Indian Affairs; )<br>Department of the Interior, Debra Halaand )<br>in her official capacity as Secretary of the )<br>United States Department of the Interior, )<br>Interior Board of Indian Appeals, Enerplus )<br>Resources (USA) Corporation; PetroShale )<br>(USA) Inc.; and Bureau of Indian Affairs, )<br>as trustee for the heirs of Madelene Bruce, )<br>deceased, Kevin Bruce; Lynn T. Bruce; )<br>Ronelle M. Bruce; Todd Bruce; Justin L. )<br>Bruce; Lisa G. Bruce; Cheryle Danks; )<br>Sheldon J. Hand; Deborah A. Painte; )<br>Zachiery J. Sitting Crow; and Carol J. )<br>Walker, )<br> )<br>    Defendants. ) | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 1:22-cv-143 |

Before the Court is Prima Exploration, Inc.'s ("Prima") motion for leave to file a second amended complaint filed on June 17, 2025. See Doc. No. 89. Also before the Court is a motion to dismiss by Kevin Bruce, Lynn T. Bruce, Ronelle M. Bruce, Todd Bruce, Justin L. Bruce, Lisa G. Bruce, Cheryle Danks, Sheldon J. Hand, Deborah A. Painte, Zachiery J. Sitting Crow, Carol J. Walker, Carmen Bruce, and Darin Bruce ("Individual Landowners") filed on June 27, 2025, and a motion to dismiss by Bryan Mercier, in his official capacity as Director of the United States Bureau of Indian Affairs ("BIA"), the BIA, and the BIA, as Trustee for the Heirs of Madelene Bruce, Deceased, Kevin Bruce, Lynn T. Bruce, Ronelle M. Bruce, Todd Bruce, Justin L. Bruce, Lisa G. Bruce, Cheryle Danks, Sheldon J. Hand, Deborah A. Painte, Zachiery J. Sitting Crow, and

1

Carol J. Walker (together the "Federal Defendants") filed on July 1, 2025. See Doc. Nos. 92 and 97. The motions have been fully briefed. See Doc. Nos. 90, 93, 98, 102, 103, 106, 107, 109, 112. For the reasons set forth below, the motion to amend is granted and the motions to dismiss are denied.

## I.   BACKGROUND

This controversy concerns the validity of Prima's mineral leasehold interest located on the Fort Berthold Indian Reservation. The lease covered 320 acres located in the south half of Section 16, Township 152 North, Range 94 West in McKenzie County, North Dakota (the "Disputed Leasehold"). On December 17, 2013, the Superintendent of the BIA's Fort Berthold Agency declared 240 acres of the Disputed Leasehold terminated and approved a new lease of that same acreage to Enerplus. The BIA declared the remaining 80 acres of the Disputed Lease segregated. On December 18, 2015, the BIA declared the remaining 80 acres terminated and approved a lease of that same acreage to PetroShale. Prima appealed the decisions to segregate and terminate the Disputed Lease. Prima also appealed the decisions to approve the Enerplus and PetroShale leases.

On May 31, 2018, Prima filed suit ("Dismissed Case") in this Court challenging the BIA's decisions regarding the Disputed Leasehold. See Doc. No. 1 in Case No. 1:18-cv-116. Prima asserted Enerplus and PetroShale conspired with the BIA to divest Prima of its leasehold interest. Prima requested a declaration that it had a valid interest in the Disputed Leasehold. Prima asserted various causes of action against the BIA, including deprivation of due process and unlawful regulatory taking. Prima also asserted various causes of action against Enerplus and PetroShale, including trespass, conversion, tortious interference, slander of title, unjust enrichment, and accounting. Prima also sought a preliminary injunction against all defendants. On October 1, 2018,

the Court dismissed the case for lack of subject matter jurisdiction due to Prima's failure to exhaust administrative remedies. Prima Expl., Inc v. LaCounte, 2018 WL 4702153 (D.N.D. Oct. 1, 2018).

On September 13, 2018, the Regional Director of the BIA supplemented the file in one of Prima's appeals with lease assignments that he retroactively approved, which affected Prima's interest in the Disputed Lease. On October 15, 2018, Prima filed an appeal with the BIA challenging its inaction on Prima's prior appeals. On November 18, 2018, the Regional Director issued an opinion on Prima's first appeal affirming the Superintendent's decision to segregate and partially terminate Prima's lease. The issuance of the decision resulted in the dismissal of Prima's appeal regarding the BIA's inaction. Prima appealed the Regional Director's decision to the Interior Board of Indian Appeals ("IBIA").

Prima filed the present action on August 8, 2022, based on the same legal theories as the Dismissed Case. See Doc. No. 1. Prima also brought claims challenging agency delay because the IBIA had not issued a final decision on Prima's appeals at the time the complaint was filed. On March 20, 2023, Prima filed an amended complaint. See Doc. No. 50. On October 25, 2023, the Court granted the Defendants' motions to dismiss without prejudice for lack of subject matter jurisdiction because Prima failed to exhaust administrative remedies. See Doc. No. 84. Prima appealed the dismissal to the Eighth Circuit Court of Appeals. See Doc. No. 86. While the appeal was pending, the IBIA issued a final decision ("IBIA decision"), which concluded the underlying administrative process. On May 5, 2025, the Eighth Circuit dismissed Prima's appeal as moot and remanded the case to this Court for further proceedings. See Doc. No. 88.

On May 23, 2025, Prima filed a complaint with this Court in *Prima Exploration, Inc. v. United States Department of the Interior et al.*, Case No. 1:25-cv-119, ("*Prima III*") challenging the IBIA decision. See Doc. No. 1 in Case No. 1:25-cv-119. The IBIA decision concluded that

3

Prima lacks standing to contest the validity of the subject lease because the lease expired before Prima acquired an interest in it. On June 17, 2025, Prima filed a motion for leave to file a second amended complaint in the present case in light of the IBIA decision. See Doc. No. 89.

## II.     LEGAL DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides as follows:

**(a)  Amendments Before Trial.**

**(1)** *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(a)(2) provides that the Court may permit a party to amend the pleadings when justice so requires.  It is generally left to the court's discretion whether to grant leave to file an amended pleading. Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992).  "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (original citation omitted). Although a party does not have an absolute right to amend a

pleading, such motion should only be denied on the merits if it asserts clearly frivolous claims or defenses. See id. at 908 (citing Williams, 21 F.3d at 224 and Gamma-10 Plastics, Inc., 32 F.3d at 1255).

Prima seeks leave to amend its complaint in light of the final agency action taken by the IBIA. See Doc. No. 89. Prima seeks to amend its complaint to (1) eliminate certain federal defendants, namely, the IBIA, Department of the Interior, and Debra Haaland, in her official capacity as the former Secretary of the United States Department of the Interior; (2) clarify the allegations regarding the now-issued final agency action; and (3) remove claims and narrow remaining claims to reflect the current circumstances in relation to the 2025 IBIA decision. See Doc. No. 89-1. The proposed second amended complaint seeks to remove Prima's requests for a preliminary injunction and a writ of mandamus, among other claims that are now moot. For example, Prima's proposed second amended complaint removes its request for the Court to issue an order compelling the DOI and its agencies to conclude its proceedings in a legal and timely fashion. Claims such as this are now irrelevant due to the IBIA's final agency action.

To the extent that PetroShale and Enerplus argue the motion to amend the complaint is futile because dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper due Prima's lack of concrete injury, the Court disagrees. An amendment is futile if could not survive a motion to dismiss under Fed. R. Civ. P. 12. See In re Senior Cottages of America, LLC, 482 F.3d 997, 1001 (8th Cir. 2007). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotes omitted). PetroShale and Enerplus argue Prima has not alleged a concrete injury because the claims are based on Prima having an interest in the Disputed Lease. When considering a 12(b)(6) motion, the Court must read the

allegations in the complaint as true. In the second amended complaint, Prima alleges it owns an interest in an oil and gas lease and PetroShale and Enerplus trespassed, interfered with the lease, and converted profit that belonged to Prima. Prima alleges sufficient factual matter to support a concrete injury at this stage of litigation.

Allowing Prima to amend its complaint to clarify factual allegations to accurately reflect the current status of the IBIA appeals, and to remove unnecessary claims, promotes judicial economy and efficiency. Removing defendants, eliminating moot claims, and clarifying allegations does not result in undue prejudice to the Defendants. Accordingly, the Court grants the motion to file a second amended complaint.

Prima informed the Court of its intention to seek a stay of this matter pending a decision on its appeal of the IBIA decision in *Prima III*. See Doc. No. 90, p. 3. The IBIA decision concluded that Prima never owned an interest in the subject lease. *Prima III* will presumably result in a judicial determination regarding the validity of the lease. Thus, Prima's claims in this case are dependent on the Court overturning the IBIA decision in *Prima III* and concluding Prima has a valid interest in the subject lease. Prima's claims in this case will necessarily fail if it is unsuccessful in its appeal of the IBIA decision. Accordingly, waiting until the resolution of *Prima III* will streamline this action. All proceedings in this case are stayed until *Prima III* is fully resolved. Further, in light of the Count granting leave to file a second amended complaint, the Individual Landowners and the Federal Defendants' motions to dismiss the first amended complaint are denied without prejudice. The parties may renew their motions to dismiss after the stay is lifted.

### III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, Prima's motion to amend is **GRANTED** (Doc. No. 89). The Individual Landowners' motion to dismiss (Doc. No. 92) is **DENIED** without prejudice. The Federal Defendants' motion to dismiss (Doc. No. 97) is **DENIED** without prejudice. All proceedings in this case are hereby **STAYED** pending resolution of *Prima III*.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2025.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court